UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CAROLYN J. WILLIAMS,

    Plaintiff,

v.

KING COUNTY, JUVENILE COURT SERVICES, a Washington public corporation, and NALANI ASKOV, an individual,

    Defendants.

No. 04- 5034

ORDER GRANTING DEFENDANT KING COUNTY'S MOTION FOR SUMMARY JUDGMENT

    This matter is before the Court on Defendant King County's Motion for Summary Judgment. [Dkt. #69] King County seeks summary dismissal of Plaintiff's claims against it. The Court has considered all pleadings filed in support of and in opposition to these Motions, and has reviewed the considerable evidentiary submissions of the parties.

## FACTUAL BACKGROUND

    King County hired Defendant Nalani Askov to investigate employment issues and conduct involving the plaintiff. During the course of this investigation, Askov reviewed relevant documents and conducted interviews of claimants and witnesses. Representatives from the plaintiff's union were present at some of these interviews and later testified to their substance at arbitration proceedings. Upon conclusion of her investigation, Askov issued her findings and recommendations to King County. Askov's recommendations concerning the plaintiff included disciplinary action up to and including termination of the plaintiff's employment by King County. King County subsequently terminated the plaintiff's employment. Following an arbitration, her position was restored, with back pay. Williams then sued,

1  alleging that King County discriminated against her because of her race and because of her union activities.
2  She also claims, with minimal support or explanation, that King County retaliated against her following her
3  reinstatement. Williams also sued Askov, claiming tortious interference with business expectancy and
4  aiding and abetting discrimination.

5      King County seeks summary dismissal of Williams claims against it, arguing that Williams cannot
6  meet her burden of demonstrating that she was terminated based on either her union activities or her race.

## ANALYSIS

### 1. Summary Judgment Standard

Summary judgment is appropriate when, viewing the facts in the light most favorable to the nonmoving party, there is no genuine issue of material fact which would preclude summary judgment as a matter of law. Once the moving party has satisfied its burden, it is entitled to summary judgment if the nonmoving party fails to present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). "The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient." *Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995). Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In other words, "summary judgment should be granted where the nonmoving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy*, 68 F.3d at 1220.

### 2. Williams' discrimination claim.

To establish a *prima facie* case of disparate treatment on account of sex or race, Williams must establish: (1) she is a member of a protected class; and (2) she was treated less favorably in the terms and conditions of her employment (3) than a similarly situated non-protected employee. *McDonnell Douglas Corp. v. Green*, 511 U.S. 792 (1973). If a *prima facie* case is made out, then the burden shifts to King County to articulate a legitimate nondiscriminatory reason for its decision. If King County articulates a legitimate reason for its decision, the burden shift s to Williams to show that the reason given by King County was a mere pretext and that her race or gender was a substantial factor in King County's adverse employment decision.

As the Plaintiff argues, because the requisite discriminatory intent is inherently a factual question,

ORDER 2

and is usually proven by inference and circumstantial evidence, it is rare to grant summary judgment in favor of a defendant in a discrimination case. *See Lam v. University of Hawaii,* 40 F.3d 1551 (9th Cir. 1994). However, the plaintiff must put forth evidence from which the inferences she seeks may be drawn, and which tends to support the factual claim that the adverse employment action was based on race or gender.

Much of the Plaintiff's evidence[1] consists of detailed (if second hand) stories about racial animus in the Department of Youth Services (predecessor to the Juvenile Court Services Department) going back almost 15 years. She also makes a series of conclusory statements about why she was terminated (she was fired after "many years of service for relatively innocuous and ill-proven conduct"; "King County's acceptance of Askov's reports and recommendations is flawed"). Williams alleges, without detail, that she was treated differently than other employees because of her race. She downplays the severity of her transgressions (without really explaining them) and does not "compare and contrast" her conduct and discipline with other employees, or otherwise demonstrate that she was treated differently at all.

Williams does not, however, provide or articulate the sort of evidence that would allow her to meet her burden of making a prima facie case of discrimination. She does not allege, much less show, that the person who fired her – Bruce Knutson – held any racial animosity, or that her race played any role in his decision to fire her. The existence of some general racial tension – prior to the time the current management (King County Superior Court) even began overseeing the Department – cannot provide the necessary evidence that management fired her in this instance because of her race. The three incidents described by the plaintiff predated the Superior Court's role, and cannot be tied inferentially or otherwise to Mr. Knutson or his decision to terminate Ms. Williams.

Even if she had made out a prima facie case, Ms. Williams has not met her burden under *McDonnell Douglas* of demonstrating that the legitimate, nondiscriminatory reasons King County articulated for her termination were in fact pretextual. Plaintiff is obligated at this stage to present some evidence (and not just argument) that the stated reason for her termination was not worthy of belief.

---

[1] King County has moved to strike various portions of the Plaintiff's evidentiary response, arguing that much of it is not based on personal knowledge. The court will not specifically strike portions of the record, but has not considered inadmissible evidence in deciding the Defendant's Motion. Other problems with the Plaintiff's evidence, including the temporal mismatch between some of her allegations and the conduct at issue, are addressed below.

ORDER                                             3

1  Plaintiff's reliance on the repeated allegation that Ms. Askov's investigation was "flawed" does not supply
2  the necessary evidence. As Defendant argues, to survive summary judgment a plaintiff must do more than
3  rely on her opinion or conclusory allegations.  She is required to supply evidence of each element of her
4  claim.

5  For these reasons, Plaintiff has not met even her limited burden, and King County's Motion for
6  Summary Judgment on her discrimination claim is GRANTED.

### 3. Williams' Union Activities Claim

Plaintiff Williams also claims, somewhat inconsistently, that she was fired as the result of her union activities.  She argues that under Chapter 49.32 RCW, she had the right to be free from interference with "concerted activities" relating to her union membership.  She argues, again in conclusory fashion, that she was retaliated against and terminated due to her active involvement with the union. She cites a number of references in the record to her union activities, but none of them support the claim that her union activities played any role in the termination.  Ms. Williams does not provide any basis for a jury to conclude that Knutson terminated her as the result of her union activities, and certainly does not provide evidence that the legitimate, nondiscriminatory reasons articulated by King County are in fact pretextual.

For these reasons, Plaintiff has not met her burden on this claim, either, and King County's Motion for Summary Judgment on her union activities claim is also GRANTED.

### 4. Williams' Retaliation Claim

Finally, Williams argues that her union activities led to a hostile work environment and to retaliation upon her reinstatement.  As the defendant points out, it is not clear that such a claim is cognizable.  The court assumes without deciding that RCW 49.32.020 makes actionable "hostile work environment" claims under the guise of retaliation or interference with organized workers. *See Pulcino v. Federal Express Co.*, 141 Wn.2d 629, 637, 9 P.3d 787 (2000) (statute "prohibits all forms of employer interference with organized workers, not just discriminatory terminations.")

However, as is the case with Williams' racial discrimination claim, she must do more than identify past instances involving other people, and submit evidence supporting each element of her claim. The bulk of Williams' attempt to do so consists of claims Trujillo (her supervisor) assigned her to a nearby office in order to "keep an eye an her"; warned her subsequent supervisor that she was "visiting" too much; did not

ORDER                                          4

inform her counsel of the timing of a meeting to discuss the investigation that ensued after she formally complained about the above; and that management was slow in responding to her response to complaints that were subsequently made about her. The internal investigations on Williams complaints found at most "the appearance of special scrutiny" but found no "retaliation." The complaints against Williams were not acted upon, but they were apparently referenced in her performance review.

Ms. Williams does not tie this conduct to her union activities in any way. Indeed, it does not appear that the conduct complained of could constitute "adverse employment action" under even the most liberal reading and application of the opinions describing this cause of action. *See*, for example *Little v. Windermere Relocation, Inc.*, 301 F.3d 958 (9th Cir. 2002), *Yartzoff v. Thomas*, 809 F.2d 1371 (9th Cir. 1987). Williams was not terminated, has not shown that she was transferred to a lesser position or that her compensation was adversely impacted at all. In short, she has not, as the Defendant argues, shown that the terms and conditions of her employment were adversely affected.

Plaintiff Williams has not met her burden of establishing that she was retaliated against in an actionable way, or that any "retaliation" was the result of her union activities, or that it amounted to an actionable hostile work environment. King County's Motion for Summary Judgment on this claim is therefore GRANTED.

For these reasons, King County's Motion for Summary Judgment [Dkt. # 69] is GRANTED and Plaintiff's claims are hereby DISMISSED.

DATED this 26th day of August, 2005.

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE

ORDER    5